ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: 408-641-9966
Fax: 408-866-7334
Email addresses: nancy@farsadlaw.com;
farsadlaw1@gmail.com

Attorneys for Movants:
LING XIONG, SHENGLI XI, and
XUDONG LI

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Zhicheng Construction Inc.,<br><br>Debtor.<br><br>Xiong et. al.<br><br>v.<br><br>Zhicheng Construction Inc. et. al. | Case No.: 24-51240 SLJ<br>Chapter 7<br><br>AP Case # 24-05028<br><br>**MOTION FOR ABSTENTION, REMAND AND RELIEF FROM STAY**<br><br>**Date:** October 8, 2024<br>**Time:** 1:30 p.m.<br>**Place:** **Hybrid Hearing**: either in person in Courtroom 10, 3rd Fl., 280 South First Street San Jose, CA 95113-3099 **OR** by Telephonic or Video Conference<br><br>**Chief Judge:** Hon. Stephen L. Johnson |

**TO THE HONORABLE CHIEF JUDGE STEPHEN L. JOHNSON, THE UNITED STATES TRUSTEE'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE STANDING CHAPTER 7 TRUSTEE FRED HJELMESET, ALL CREDITORS / PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:** Come now Plaintiffs LING XIONG, SHENGLI XI, and XUDONG LI (collectively "Movants"), by and through their counsel of record, FARSAD LAW OFFICE,

1

P.C., and file the instant MOTION FOR ABSTENTION, REMAND AND RELIEF FROM STAY ("Motion") regarding their State Court Action against the Defendant and its owner that is / was set for a Long Cause trial in the local Superior Court, starting October 21, 2024. The Movants would like to go back to state court to finally obtain some redress to this saga that really should have been resolved sooner, but for the Debtor and its owner, and the horrendously shoddy construction they did for the Movants.

## I. INTRODUCTION

On August 25, 2021, the Movants filed an unlimited civil complaint against the Defendant-Debtor (Zhicheng Construction Inc.) and its owner, Huaizhi Li, in Santa Clara County Superior Court. The Case number is 21CV388579. The causes of action (all of which are brought under CA state law) are:

   i. Negligence;
   ii. Breach of Contract;
   iii. Breach of the Implied Covenant of Good Faith and Fair Dealing;
   iv. Intentional Interference with Prospective Economic Advantage; and
   v. Unfair Business Practices.

<u>A short summary of the State Court Action / Complaint</u>: The Defendant was hired to do a ~600 square foot addition. The Defendant did a horrible job. He caused a ton of extra damage in that the Defendant did not shore up the walls properly and they collapsed. A simple addition turned into a "Major Remodel" for the City. Further, when he did the foundation on the project, the setback he chose was 7 feet, when it was supposed to be no less than 10. There were several more similar problems. It became evident that Mr. Huaizhi Li (owner of the Debtor/corporation) did not know what he was doing. When the Movants finally decided to fire the Debtor, the Debtor's owner, Mr. Li, attempted to extort them to release the permit under the Debtor's name (in exchange for him to keep all money paid and for a release of claims).

The Movants, a husband and wife and friend, just wanted to do add an addition to the subject home in Sunnyvale, and it became an absolute nightmare. They ended up spending

2

Case: 24-05028    Doc# 12    Filed: 09/04/24    Entered: 09/04/24 14:13:45    Page 2 of 9

over $300,000.00 with nothing to show for it. The Debtor also has been fighting this case in lieu of taking responsibility. When it became blatantly apparent that he will be held liable and his personal assets at stake, he files this Chapter 7 for his corporation. He then tries to remove this case to simply frustrate the Movants and 'kick' the trial date that is set. The latter likely worked but the sooner said case is back in the State Court (if this Motion is granted), the sooner that the trial focusing on the "Alter Ego" liability of Defendant, Mr. Li can commence.

Accordingly, this Court should exercise its permissive powers of abstention, remand, and relief from stay to return the State Court Action back to the jurisdiction of the Santa Clara County Superior Court for all proceedings through trial, with enforcement of any resulting judgment reserved for this Court if this bankruptcy case is still pending as to the Debtor but not its owner, who did not file for Bankruptcy relief.

## II. PROCEDURAL BACKGROUND

On August 15, 2024, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Exactly one day after commencing the Chapter 7 case, on April 16, 2024, the Debtor caused the State Court Action to be removed to this Court. The Debtor's Notice of Removal was filed in the main Chapter 7 case as Docket # 16. The Debtor cites to 28 U.S.C. §1452(a) and Bankruptcy Rule 9027(a) as the legal grounds for removal. The Debtor further cites to 28 U.S.C. §1334 which provides for the exclusive jurisdiction of bankruptcy cases with the district court.

## III. LEGAL ARGUMENT

A. **This Court Should Abstain From Hearing The Adversary Proceeding.**

In the case of In re Tucson Estates, Inc., (9th Cir. 1990) 912 F.2d 1162, the Ninth Circuit enumerated 12 factors to be considered when deciding whether abstention and concurrent relief from stay is appropriate. These factors are: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the

applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties. In re Tucson Estates, Inc., 912 F.2d at 1167.

In evaluating the Tucson Estates' factors, the overwhelming weight of the factors favors granting this motion to abstain from retaining jurisdiction and hearing the Debtor's State Court Action. Abstaining from hearing the Civil Action will not adversely impact the administration of this Chapter 7 case. The Santa Clara County Superior Court is better poised to deal with the claims and counter-claims raised in the State Court Action, with the Bankruptcy Court reserving jurisdiction on all issues of enforcement of any resulting judgment. The State Court already set the matter for a final settlement conference as well as Long Cause Trial in October 2024, which means that the case is finally ready to go after 3 years of litigation.

In addition, liquidating the claims in the Superior Court will be more efficient and an economical use of judicial resources as this Court will have to catch up on 3 years' worth of filings and rulings if it chooses to retain the case. Further, the main Defendant, the owner of Debtor, did not file for bankruptcy relief and so there is no "Stay" in effect as to him and so taking this case back to State Court as to both him and his entity (the Debtor), seems appropriate.

The second and third factors together are perhaps the most compelling reasons for granting abstention: The State Court action is based completely on state law claims / issues. The claims do not arise under any federal statute, but rather are solely based on California law. The Bankruptcy Court should abstain where there is no jurisdictional basis in the federal courts

other than the pending bankruptcy case and the "related to" jurisdiction which 28 U.S.C. §1334 confers. Since the dispute is one that can be timely adjudicated in an appropriate California court that already had jurisdiction over the parties and set a trial date, this Court should abstain, remand, and grant limited relief from the automatic stay to allow the State Court Action to proceed in the California courts (with the requirement that the parties return to the Bankruptcy Court for purposes of enforcement of any resulting judgment, if the bankruptcy case remains pending). The legal issues presented are best adjudicated by the State Court through a trial by jury. These factors strongly favor abstaining from hearing the State Court Action.

The fourth factor, the presence of related proceeding commenced in state court or other non-bankruptcy court, also favors granting abstention. There is a cross complaint filed in this matter which also needs to be adjudicated and the same State Court Judge has been dealing with that cross complaint this entire time as well. This factor also favors granting abstention.

The fifth factor, the jurisdictional basis other than 28 U.S.C. §1334, also favors granting abstention. There is no other basis for a federal court to hear the claims presented by the Complaint save and except for the "related to" jurisdiction of this bankruptcy case. 28 U.S.C. §1334(c)(2) discusses that in considering a motion for abstention, the Court shall abstain upon a timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a federal District Court absent jurisdiction under 28 U.S.C. §1334. Here, there is no jurisdictional basis in the federal courts other than the pending bankruptcy case and the "related to" jurisdiction which 28 U.S.C. §1334 confers. Since the dispute is one that can be timely adjudicated in the State Court that already has jurisdiction over the parties, this Bankruptcy Court should likely abstain.

The sixth factor, the degree of relatedness or remoteness to the proceeding in the main bankruptcy case strongly favors remanding the State Court Action back to the Superior Court. The Debtor is a corporation and in a Chapter 7 case, there is no "discharge" applicable for corporations. We understand that the Debtor may have filed to 'wind up' its affairs, but as it's

5

Case: 24-05028   Doc# 12   Filed: 09/04/24   Entered: 09/04/24 14:13:45   Page 5 of 9

not going to obtain a standard discharge, there is no valid reason to not remand to allow the Movants to seek the alter ego liability against the owner of the Inc., which is the main concern for them and the trial.

Moreover, the State Court can adjudicate the State Court Action including the complaint and cross-complaints therein and if Movants prevail as they expect to do, then those findings of the Superior Court easily transfer over to this Court, if necessary, to decide what if any effect it may have on the Chapter 7.

The seventh factor is the substance rather than the form of an asserted "core" proceeding. A proceeding, including a pending action removed from another court, is only a "core" proceeding if it falls within one of the limited provisions of 28 U.S.C. §157(b)(2) as follows: (2) Core proceedings include, but are not limited to— (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under Chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; (C) counterclaims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and (P) recognition of foreign proceedings and other matters under Chapter 15 of title 11. 28 U.S.C. §157(b)(2).

Case: 24-05028    Doc# 12    Filed: 09/04/24    Entered: 09/04/24 14:13:45    Page 6 of 9

This factor does not favor this Court retaining the case as the State Court Action as even though the case affects the Debtor Inc. -- it really doesn't / no discharge is applicable (11 U.S.C. 727(a)(1)).

The eighth factor requires a review of the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered by a state court, but leaving enforcement to the Bankruptcy Court. This is precisely the type of factor that favors abstention in this case. The Superior Court can easily decide all of the state law issues presented by the complaint and cross-complaints of the parties. Further, Movants expect that a trial would take weeks (as it's set for Long Cause) and that is a substantial amount of time and burden on this Bankruptcy Court. The nature of these disputes is such that they should be tried on consecutive days and it is often difficult, if not impossible for the Bankruptcy Court to dedicate that kind of time to one trial with its regularly scheduled law and motion and other periodic calendars. This factor strongly favors abstention.

The tenth factor inquires whether the commencement of the proceeding in Bankruptcy Court is likely the result of forum shopping by one of the parties. The Debtor filed this Chapter 7 petition to avoid trial as it's closing in finally after 3 long years. Factor 10 therefore favors abstention as well.

Factor 11 concerns the existence of a right to a jury trial. In the Superior Court, both the Debtor and Movants are legally entitled to a jury trial in the State Court Action. Movants have not waived their right to a jury trial. In Bankruptcy Court, there are no jury trials. This factor therefore favors abstention as well.

Finally, factor 12 reviews the presence of non-debtor parties and how that might adversely impact the proceeding in Bankruptcy Court or prevent the Bankruptcy Court from entering final orders or judgments. Movants plan to file their required statement with this Court advising that they do not consent to the entry of final orders and judgments by the Bankruptcy Court. This factor therefore favors abstention.

In summary, the overwhelming factors identified by the Ninth Circuit in <u>Tucson Estates</u> favor granting this motion to abstain from hearing the State Court Action in this Court and support remand and abstention.

B. **Together with Abstention, this Court Should Remand the Civil Action Back to the State Court and Grant Limited Relief From Stay.**

Under 11 U.S.C. §362(a), the State Court Case has not been stayed as to the Debtor's owner which is the main Defendant in the case. This Court should grant relief from stay for the limited purposes of permitting all matters between these parties pertaining to their claims against each other to proceed in one forum, the Superior Court. This avoids the potential for inconsistent decisions. 11 U.S.C. §362(d)(1) permits this Court to terminate, modify or condition the automatic stay for cause. The concomitant grant of relief from stay together with the order granting abstention is common and necessary for the intention of an order granting abstention to be fully carried out by the Superior Court. Cause therefore exists to grant relief from stay along with abstention in this matter. So long as this Chapter 7 case remains open, Movants suggest that the Court's order granting relief from stay be limited to those proceedings culminating in the entry of a judgment after trial if it deems it necessary (likely not, due to no discharge applicable and the fact that the Movants will be proceeding against the Debtor's owner, a non bankrupt party / Defendant).

U.S.C. §362(d)(1) provides that the Court shall lift the automatic stay upon a showing of "cause". The term "cause" is not defined in the statute but is to be construed by bankruptcy courts on a case-by-case basis. <u>In re Tucson Estates, Inc.</u>, 912 F.2d at 1166. In determining whether "cause" exists to permit litigation outside the bankruptcy court to proceed, courts have identified a series of factors, referred to as the "<u>Curtis</u> factors," that are potentially relevant to the inquiry. <u>In re Badax, LLC</u>, 608 B.R. 730, 738- 39 (Bankr. C.D. Cal 2019); <u>Truebro, Inc. v. Plumberex Specialty Prods., Inc.</u> (<u>In re Plumberex Specialty Prods., Inc.</u>), 311 B.R. 511, 558 (Bankr. C.D. Cal. 2004) (citing <u>In re Curtis</u>, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) and other authorities).

The Ninth Circuit Bankruptcy Appellate Panel has recognized that the Curtis factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." In re Kronemyer, 405 B.R. 915, 921 (9th Cir. BAP 2009). While the Curtis factors are widely used to determine the existence of "cause", not all of the factors are relevant in every case, nor is a court required to give equal weight to each factor. Plumberex, 311 B.R. at 560. Consideration of several of the applicable Curtis factors in these circumstances supports that this Court should grant relief from the automatic stay to allow the State Court Action to proceed.

### IV. CONCLUSION

Movants pray that the Court enter its order as follows:

  A. Abstain from exercising jurisdiction over the State Court Action which has been removed to this Court and instead order the matter remanded to the Santa Clara County Superior Court for further proceedings through the entry of judgment;

  B. Grant Movants relief from the automatic stay pursuant to 11 U.S.C. §362(a) in order to proceed to entry of judgment in the Civil Action, however Movants will take no action to enforce or perfect a judgment entered in the Civil Action against the Debtor so long as this bankruptcy case remains open as to the corporate Debtor entity;

  C. For an Order waiving the 14-day period contained in Fed. R. Bankr. P. 4001(a)(3) as Movants would sustain irreparable injury or harm if it were not allowed to immediately proceed to address the pending trial and related dates set in the Superior Court; and,

  D. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

Executed on September 4, 2024 at San Jose, California.

FARSAD LAW OFFICE, P.C.
By: */s/ Arasto Farsad*
Arasto Farsad, Esq.
Attorneys for Movants